UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LEROY MORRELL,

           Plaintiff,

   -against-

SGT. GLENN R. SAMPSON and
C.O. PATRICK H. BOULTER,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

9:22-cv-713 (TJM/ML)

Plaintiff Demands a
Trial by Jury

      Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

    1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

    2. That at all times herein mentioned, plaintiff was incarcerated at Watertown Correctional Facility (Watertown), in Watertown, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

    3. That at all times herein mentioned, defendants were and are citizens of the State of New York, and currently reside in the Northern District of New York.

    4. That at all times herein mentioned, defendant Sgt. Glenn R. Sampson (Sampson) was employed by DOCCS as sergeant at Watertown.

    5. That at all times herein mentioned, Sampson was acting within the course and scope of his employment as a DOCCS correction sergeant.

6. That at all times herein mentioned, Sampson was acting under color of state law.

7. That at all times herein mentioned, defendant C.O. Patrick H. Boulter (Boulter) was a correction officer employed at Watertown by DOCCS.

8. That at all times herein mentioned, Boulter was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Boulter was acting under color of state law.

10. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

11. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

12. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

13. That on August 25, 2020, inside Watertown, plaintiff was brutally beaten, assaulted, and battered by other incarcerated individuals.

14. That the aforesaid beating, assault, and battery was directed, prompted, instigated, and encouraged by Sampson and Boulter.

15. That the aforesaid beating, assault, and battery occurred in the presence of Sampson and Boulter, and was observed by Sampson and Boulter.

16. That Sampson and Boulter had reasonable opportunities to intervene to present and/or stop the aforesaid beating, assault, and battery, and deliberately failed to do so.

17. That the aforesaid actions and failure to act by Sampson and Boulter were without any legal justification and not in furtherance of any legitimate penological interest.

18. That the aforesaid actions and failures to act by Sampson and Boulter were intentional, sadistic, and malicious in nature, and were specifically intended to result in physical harm to plaintiff.

19. That as a result of the aforesaid actions and failures to act by Sampson and Boulter, plaintiff sustained physical and psychological injuries, including but not limited to a facial fracture and facial lacerations, endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.

### FIRST CAUSE OF ACTION
**(42 USC § 1983: Eighth Amendment)**

20. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

21. That the aforementioned actions and failures to act by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

22. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and both of them, for compensatory damages and punitive damages in an amount to be determined by the trier

of fact, and plaintiff also seeks attorney's fees against both defendants pursuant to 42 USC § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        June 30, 2022

                                      Yours, etc.
                                      Sivin, Miller & Roche, LLP

                                      s/ Edward Sivin
                                      Bar Roll Number: 514765
                                      Attorneys for Plaintiff
                                      20 Vesey Street, Suite 1400
                                      New York, NY 10007
                                      Telephone: (212) 349-0300
                                      E-mail: esivin@sivinandmiller.com