UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEROY MORRELL,

          *Plaintiff*,

-against-

SGT. GLENN R. SAMPSON and C.O. PATRICK H. BOULTER,

          *Defendants*.

**ANSWER**

**Jury Trial Demanded**

22-CV-0713

TJM/ML

  Defendant Sgt. Glenn R. Sampson, by his attorney, Letitia James, Attorney General of the State of New York, Matthew Gallagher, Assistant Attorney General, of counsel, answers the Complaint as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 7, 8, and 13 of the Complaint.

  2. Admits the allegation contained in paragraph 3 of the Complaint as to himself only; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

  3. Admits the allegations contained in paragraph 4 and 5 of the Complaint.

  4. Paragraphs 6 and 9 of the Complaint assert legal conclusions to which no response is required.

  5. Paragraph 10 of the Complaint is a statement of jurisdiction to which no response is required.

6. Paragraph 11 of the Complaint is a statement of venue to which no response is required.

7. Repeats and realleges responses to paragraphs 1-11 in response to paragraph 12 of the Complaint.

8. Denies the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 21 and 22 of the Complaint.

9. Repeats and realleges responses to paragraphs 1-19 in response to paragraph 20 of the Complaint.

10. Denies any allegation of the Complaint not specifically responded to above.

11. The "WHEREFORE" paragraph of the Complaint merely sets forth the relief requested and thus does not require a response. To the extent that a response is required, deny that Plaintiff is entitled to any of the relief requested.

## **DEFENSES**

12. The Complaint fails to state a claim upon which relief can be granted.

13. At all relevant times Defendant acted under the reasonable belief that his conduct was in accordance with clearly established law. He is, therefore, protected under the doctrine of qualified immunity.

14. The Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

15. To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

16. The complaint is barred, in whole or in part, under the Eleventh Amendment.

17. Defendant Sgt. Glenn R. Sampson was not personally involved in the alleged constitutional or statutory violations, and he is therefore not liable under 42 U.S.C. § 1983. The doctrine of respondeat superior does not apply in civil rights cases, and the complaint should therefore be dismissed.

18. Plaintiff has failed to exhaust administrative remedies.

19. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

20. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

21. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

## JURY DEMAND

22. Defendant Sgt. Glenn R. Sampson hereby demands a trial by jury.

WHEREFORE, Defendant Sgt. Glenn R. Sampson respectfully requests this Honorable Court deny the relief requested, dismiss the Complaint, and grant such other relief as to the Court shall seem is just, proper, and equitable.

Dated: Albany, New York
October 11, 2022

                                          LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendant Sgt. Glenn R. Sampson*
The Capitol
Albany, New York 12224

By: s/ *Matthew J. Gallagher*
Matthew J. Gallagher
Assistant Attorney General, of Counsel
Bar Roll No.   701111
Telephone:     (518) 776-2284
Fax: (518) 915-7734 (not for service of papers)
Email: matthew.gallagher@ag.ny.gov

TO:    Ed Sivin, Esq.
Clyde Rastetter, Esq.
David Roche, Esq.
Glen D. Miller, Esq.
Sivin, Miller & Roche LLP
20 Vesey Street
Suite 1400
New York, NY  10007
(via ECF)