UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEROY MORRELL,

                                          *Plaintiff,*                        22-CV-713

        *-against-*                                                         (TJM/ML)

SGT. GLENN R. SAMPSON and
C.O. PATRICK H. BOULTER,

                                         *Defendants.*

_____


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P 56**

                                                                LETITIA JAMES
                                                                Attorney General of the State of New York
                                                                Attorney for Defendants
                                                                The Capitol
                                                                Albany, New York 12224

Matthew J. Gallagher
Assistant Attorney General, of counsel
Bar Roll No. 701111
Tel.: (518) 776-2284
Email: Matthew.Gallagher@ag.ny.gov

                                                                                               November 10, 2023

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    POINT I:    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO ANY CLAIM FOR CONSPIRACY OR EXCESSIVE FORCE ................................. 1

    POINT II:    PLAINTIFF FAILS TO SET FORTH A GENUINE ISSUE OF MATERIAL FACT AS TO HIS FAILURE TO PROTECT AND FAILURE TO INTERVENE CLAIMS ................................................................................................................. 2

    CONCLUSION ......................................................................................................................... 6

PRELIMINARY STATEMENT

Defendants, Sgt. Glenn R. Sampson ("Sgt. Sampson") and C.O. Patrick H. Boulter ("C.O. Boulter") (collectively "Defendants") submit this Memorandum of Law in further support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1. See Dkt. No. 29.  Plaintiff's opposition papers (Dkt. No. 32 or "Pl. Opp.") attempt to create issues of fact associated with the claims of failure to protect and failure to intervene by raising immaterial issues and relying upon speculation.  Plaintiff does not argue that there exist any genuine disputes as to any material fact regarding claims for excessive force and conspiracy.

Rather than simply reiterate the points already made by Defendants, which are incorporated herein, this Memorandum will endeavor to address specific points made by Plaintiff in his opposition to Defendants' motion.

ARGUMENT

POINT I

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO ANY CLAIM FOR CONSPIRACY OR EXCESSIVE FORCE**

Plaintiff's papers do not oppose Defendants' motion for summary judgment as to any claims for conspiracy and excessive force.  Thus, Plaintiff has abandoned these claims, to the extent they were pleaded in the Complaint.  See AVA Realty Ithaca, LLC v. Griffin, 652 F. Supp. 3d 255, 264-65 (N.D.N.Y. 2023). "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Taylor v. City of N.Y., 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).

Even if not abandoned, in the Northern District of New York, the movant's burden on summary judgment is lowered when a non-movant fails to oppose a legal argument asserted by the movant, such that "the movant need only show that the argument possesses facial merit."

1

Quinn v. United States, 946 F. Supp. 2d 267, 276 (N.D.N.Y. 2013).  Defendants underlying motion papers establish such facial merit and summary judgment should be granted as to Plaintiff's conspiracy and excessive force claims.  See Dkt. No. 29-5, Defendants Memorandum of Law Points I and II.

**POINT II**

**PLAINTIFF FAILS TO SET FORTH A GENUINE ISSUE OF MATERIAL FACT AS TO HIS FAILURE TO PROTECT AND FAILURE TO INTERVENE CLAIMS**

As Plaintiff asserts similar arguments to his failure to protect and failure to intervene claims, each of which contain comparable objective and subjective elements, Defendants summarily address each of the arguments raised.

Defendants concede that an assault upon Plaintiff by other incarcerated individuals would be sufficient to satisfy the objective elements of his claim, but only to the extent the Defendants knew about the alleged assault, which they did not.  Notwithstanding, the record evidence does not permit a reasonable jury to conclude that Defendants had knowledge of Plaintiff being incarcerated under conditions posing a substantial risk of serious harm.

Plaintiff asserts that the following items of speculation impute knowledge of a substantial risk of serious harm to Defendants: (1) "risk arose when two corrections officers at Watertown overheard that Plaintiff was conviction of a sex crime against a minor while . . . sitting in on an interview between Plaintiff and his counselor upon Plaintiff's arrival at Watertown" (Plf. Opp. 11); (2) risk arose when Plaintiff reported to his work program and that mess hall and was told by non-party officers that they knew what Plaintiff's crime of conviction was and he should not come into the mess hall (id. at 12-13); and (3) risk arose when Plaintiff informed a non-party sergeant of the events in the mess hall (id. at 13).  However, none of this conjecture imputes any actual knowledge to either of the Defendants regarding any potential harm to Plaintiff.

2

Meanwhile, any contention that Sgt. Sampson knew about Plaintiff's conviction because he interviewed Plaintiff when Plaintiff arrived at Watertown is pure speculation. Plaintiff does not state that Sgt. Sampson interviewed him upon arriving at Watertown. See Plf. Dec. ¶ 3. Neither is there any record evidence establishing that Sgt. Sampson interviewed Plaintiff upon his arrival at Watertown. The mere possibility that Sgt. Sampson may have obtain such information because he may have been interviewing incarcerated individuals when Plaintiff arrived at Watertown is insufficient to defeat summary judgment. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ("opponent must do more than simply show that there is some metaphysical doubt as to the material facts [to defeat summary judgment"]).

An equivocal assertion by Plaintiff that Defendants watched the alleged assault and did nothing cannot defeat summary judgment, as such as statement cannot be reconciled with his own sworn testimony or with the admitted facts in this matter. See Plf. Opp. 14.

Plaintiff admits that he did not see either Defendant at any time during the assault. Plaintiff's Response to Defendants' State of Material Facts ¶¶ 20-21. Because Plaintiff did not see either Defendant during the alleged assault, then he cannot "unequivocally" say that they watched as he was attacked and did nothing, or that they witnessed any part of the assault. Plaintiff claims that he observed both Sgt. Sampson and C.O. Boulter when the porters entered the day room, but he also admits he does not know how much time passed from when the porters entered the room until the alleged assault began. Plf. Depo. 61:15-24, 44:24-45:4. Similarly, Plaintiff's claim that he could see Sgt. Sampson and C.O. Boulter in the day room after the alleged assault equally fails to raise a genuine issue of fact as to whether they witnessed the alleged assault. See id. at 61:4-8. Plaintiff claims the alleged assault last a "couple of minutes," during which Plaintiff never saw either Sgt. Sampson or C.O. Boulter. Id. at 53:14-17, 54:24-55:2, 61:25-62:3. Nor does Plaintiff

3

know how much time passed from when the assault occurred and when he purportedly saw Defendants after the alleged assault. See Plf. Depo. 53:8-13 ("Q. How did this assault come to an end? A. I don't know. I was on the floor. Q. Okay. Do you recall approximately how long you were on the floor? A. No."). Therefore, Plaintiff's self-serving statement that Defendants witnessed the assault is insufficient to defeat summary judgment.

Neither does Plaintiff's uncorroborated, self-serving allegation that the day room door was locked by Sgt. Sampson or C.O. Boulter defeat summary judgment, as this is purely speculative. There is no record evidence that Plaintiff witnessed either Sgt. Sampson or C.O. Boulter lock the day room door. Yet, in an attempt to create an issue of fact, Plaintiff states that only C.O. Boulter or Sgt. Sampson had a key to the day room door. See Plaintiff's Statement of Additional Material Facts in Dispute Pursuant to Local Rule 56.1(b) ¶ 5. This is not true. Roundsman also had a key to the day room door. Boulter Depo. 16:17-21 ("The roundsman and the sergeant would have a key to that."). This is corroborated by Plaintiff's own testimony—he claims that the day room door was unlocked after the alleged assault by an unknown officer. See Plf. Depo. 57:3-5 (". . . some hands came, unlocked the door. I opened the door, I looked at the officer, but he wasn't important to me."), 62:7-8 ("Q. And after you were hit, was the first time that you saw Officer Boulter again was when he opened the day room door that was locked? A. No, he didn't open the day room door."). Plaintiff also fails to explain how, if the day room door actually was locked, the alleged assailants were able to exit the day room after the alleged assault before Plaintiff. See Plf. Depo. 56:12-17 ("Q. How long was it from when you stopped being hit until you stood up? A. I don't know. Q. Okay. Were the Porters still in the room when you stood up? A. No."). Thus, the unsupported allegation that either Sgt. Sampson or C.O. Boulter locked the day room door does not create a genuine issue of material fact.

4

Equally unavailing is Plaintiff's argument that threats made to Plaintiff by non-party officers before or after the alleged assault create a genuine issue of material fact as to whether Sgt. Sampson or C.O. Boulter's acted with deliberate indifference toward Plaintiff. There is no evidence in the record, whatsoever, that Sgt. Sampson or C.O. Boulter had knowledge of these threats or were otherwise acting in concert with these non-parties. Thus, Plaintiff's reliance on the actions of non-parties is insufficient to defeat summary judgment. See Nelson v. Disboro, 2020 WL 7021583, at *1 (N.D.N.Y. Nov. 30, 2020) ("[F]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment." (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986))).

The cases discussed and relied upon in Plaintiff's opposition as being instructive in this matter are inapposite and unpersuasive. Rosen v. City of New York, 667 F. Supp. 2d 355 (S.D.N.Y. 2009) differs from the instant matter because in that case (1) the plaintiff made multiple complaints to corrections officers regarding a perceived threat from another incarcerated individual prior to engaging in a physical altercation with the other incarcerated individual; and (2) the plaintiff claimed that he saw the defendant officer "as soon as he broke free from the fight." Rosen, 667 F. Supp. 2d at 358. Such facts are not present in the instant matter.

Similarly distinguishable is Mirabella v. O'Keenan, 2018 WL 3659526, 2018 U.S. Dist. LEXIS 130019 (W.D.N.Y. 2018) where there was sufficient record evidence to establish (1) that the defendant officer actually had knowledge of the plaintiff's underlying criminal history and placed a "hit" on the plaintiff; (2) the plaintiff wrote multiple letters to a sergeant regarding the purported risk of harm; and (3) plaintiff's perceived risk was realized when he was assaulted by another incarcerated individual. Mirabella, 2018 WL 3659526 at 1-2.

Finally, Stephens v. Venetozzi, 2016 WL 929268, 2016 U.S. Dist. LEXIS 24123 (S.D.N.Y. 2016) is distinguishable because there was a significant and elongated history of interactions between the plaintiff and defendant officers before the plaintiff was assaulted.  See Stephens, 2016 WL 929268, at *2-7.  There is no such history in the instant matter.

As Plaintiff has failed to establish a genuine issue of material fact regarding his failure to protect and failure to intervene claims, Defendants' motion for summary judgment should be granted.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in their motion, Defendants' Motion for Summary Judgment should be granted, and the Complaint should be dismissed in its entirety, together with any other relief that the Court deems just and proper.

Dated: Albany, New York
November 10, 2023

> LETITIA JAMES
> Attorney General of the State of New York
> *Attorney for Defendants*
> The Capitol
> Albany, New York 12224
>
> By: s/ *Matthew J. Gallagher*
> Matthew J. Gallagher
> Assistant Attorney General, of counsel
> Bar Roll No. 701111
> Tel.: (518) 776-2284
> Email: Matthew.Gallagher@ag.ny.gov

To:   Edward Sivin, Esq.
    Attorney for Plaintiff
    (*via ECF*)

6