UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LEROY MORRELL,

                Plaintiff,

   v.                                                9:22-cv-00713 (AMN/ML)

SGT. GLENN R. SAMPSON and C.O. PATRICK
H. BOULTER,

                Defendants.

---

**APPEARANCES:**

**SIVIN, MILLER & ROCHE**
20 Vesey Street, Suite 1400
New York, NY 10007

*Attorneys for Plaintiff*

**NEW YORK STATE ATTORNEY GENERAL**
Litigation Bureau
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**OF COUNSEL:**

**EDWARD SIVIN, ESQ.**
**DAVID ROCHE, ESQ.**
**DUANE G. BLACKMAN, ESQ.**
**GLENN D. MILLER, ESQ.**

**M. RANDOLPH BELKIN, ESQ.**
**RYAN W. HICKEY, ESQ.**
Assistant Attorneys General

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On July 1, 2022, Leroy Morrell ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, asserting civil rights claims against Defendants Sergeant Glenn Sampson and Correction Officer Patrick H. Boulter ("Defendants") arising from his incarceration at Watertown Correctional Facility ("Watertown"). *See* Dkt. No. 1. After motion practice, Plaintiff maintains

1

one Eighth Amendment failure-to-intervene claim against each Defendant. *See* Dkt. No. 35 at 21.[1]

Trial is set to commence on September 8, 2025. *See* Dkt. No. 65. Presently before the Court are motions *in limine* from Plaintiff and Defendants, Dkt. Nos. 50, 58, and corresponding responses in opposition, Dkt. Nos. 59, 60. For the reasons set forth below, both motions are granted in part, denied in part, and reserved in part.

## II.  STANDARD OF REVIEW

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (citations omitted). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

## III. DISCUSSION

The Court presumes the Parties' familiarity with the alleged facts of this case, as set forth in the Complaint, Dkt. No. 1, and the Court's prior Memorandum-Decision and Order on Defendants' motion for summary judgment, Dkt. No. 35. In summary, on August 25, 2020, while incarcerated at Watertown Correctional Facility, Plaintiff Leroy Morrell alleges that he was attacked by other incarcerated individuals in the dayroom of his housing unit. Plaintiff alleges that Defendants witnessed the attack and were capable of intervening but failed to do so. Defendants deny witnessing the alleged attack and dispute that an attack took place in the manner that Plaintiff alleges.

### A. Plaintiff's Motion *in Limine*

Plaintiff's motion *in limine* seeks the following: (1) an order limiting evidence regarding Plaintiff's prior criminal conviction for attempted sexual abuse; (2) an order precluding Plaintiff's criminal convictions that are older than ten years; and (3) an order excluding Plaintiff's Department of Corrections and Community Supervision ("DOCCS") disciplinary history. *See generally* Dkt. No. 50. The Court addresses each request in turn.

#### i. 2010 Attempted Sexual Abuse Conviction

First, Plaintiff acknowledges that his prior attempted sexual abuse conviction is subject to potential impeachment under Fed. R. Evid. 609(a)(1)(A). *See* Dkt. No. 50 at 5. However, Plaintiff argues that any use of the conviction for impeachment should be limited to its "essential facts," specifically "the nature of the offense, the date of the conviction, and the sentence imposed." *Id*. More specifically, Plaintiff requests that "no details be introduced regarding the underlying circumstances of the offense, the identity of any alleged victim, or any inflammatory or salacious facts that are not relevant to the jury's assessment of plaintiff's credibility." *Id.*

3

In their own motion *in limine*, Defendants confirm that they intend to use Plaintiff's attempted sexual abuse conviction for impeachment, including, at least, the "'essential facts' of Plaintiff's felony convictions, including the statutory names of the offenses, the dates of conviction, and the overall sentences imposed." Dkt. No. 58 at 7. However, Defendants' response to Plaintiff's motion *in limine* clarifies that Defendants may also seek to reference and solicit additional details of the conviction, such as the victim's age, based on Plaintiff's assertion that the assault relevant to this case was motivated by the facts of the attempted sexual abuse conviction. Dkt. No. 60 at 4. Defendants argue that because Plaintiff "alleges that the Defendants were aware of Plaintiff's conviction and orchestrated an attack by five inmates[,]" he has opened the door to impeachment using additional details of the conviction. Dkt. No. 60 at 3. Therefore, the Parties' submissions present two issues: (1) whether the "essential facts" of the attempted sexual abuse conviction are admissible for impeachment purposes; and (2) whether additional facts related to the conviction, including the victim's age, are admissible for impeachment purposes.

In pertinent part, Rule 609(a)(1)(a) provides that, for impeachment purposes, convictions for "a crime that . . . was punishable . . . by imprisonment for more than one year . . . must be admitted, subject to Rule 403[.]" *Id.* In interpreting the language "subject to Rule 403," the Second Circuit has found that Rule 609(a)(1)(a) "requires district courts to admit the name of a conviction, its date, and the sentence imposed *unless* the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quoting Fed. R. Evid. 403) (emphasis added). "In 'balancing the probative value against prejudicial effect under Rule 609, courts examine the following factors: (1) the impeachment value

4

of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.'" *Thomas v. Leifeld*, No. 9:13-CV-321, 2018 WL 3387690, at *2 (N.D.N.Y. July 12, 2018) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (additional citations omitted)). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "As to the first balancing factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness'[s] propensity to testify truthfully, all felonies are not equally probative of credibility." *Mancucci v. Paterniani*, No. 1:17-CV-01255, 2025 WL 295029, at *3 (N.D.N.Y. Jan. 24, 2025) (citing *Estrada*, 430 F.3d at 617-18).

The Parties appear to agree that the "essential facts" of Plaintiff's attempted sexual abuse conviction are admissible in this action. First, the Court acknowledges that "the prejudicial value of a sex crime substantially outweighs any probative value it might have . . . relating to the credibility of the witness." *Ramsay-Nobles v. Keyser*, No. 16-Civ-5778, 2020 WL 359901, at *3 (S.D.N.Y. Jan. 22, 2020)[2]; *see also Thomas*, 2018 WL 3387690, at *3 (finding, in relation to a plaintiff's prior rape, attempted rape, sexual abuse, and sexual assault convictions, that "the probative value of the name and nature of the convictions 'is substantially outweighed by the danger of unfair prejudice'") (quoting *Estrada*, 430 F.3d at 621). Thus, in other circumstances,

---

[2] The court in *Ramsay-Noble* made this assessment while examining admissibility under Rule 609(b), which requires that the probative value of a conviction substantially outweigh its prejudicial effect. *Id.* However, in doing so, it noted that the relevant conviction would fail even under the more lenient Rule 609(a) standard described above. *Id.* (finding that rather than meeting the 609(b) test, "precisely the opposite is true: the prejudicial value of a sex crime substantially outweighs any probative value it might have (which is, by the way, de minimis) relating to the credibility of the witness.").

the Court might be inclined to bar the use of the conviction in any capacity for impeachment purposes. Nevertheless, Plaintiff expressly requests "that this Court . . . enter an order precluding reference to any detail of the conviction beyond the date, nature of the offense, and sentence." Dkt. No. 50 at 6. Based on Plaintiff's briefing, the Court presumes that Plaintiff does not seek to exclude such evidence because he himself plans to testify to these "essential facts" on direct examination. As a result, the potential prejudicial effect of using the same information for impeachment is diminished. Accordingly, assuming that Plaintiff testifies as to the statutory name, conviction date, and sentence imposed with respect to his attempted sexual abuse conviction for purposes of proving his case, Defendants would not be precluded from using the same information for impeachment purposes. *See Ames v. Stevens*, No. 9:12-cv-01487, 2015 WL 5513021, at *4 (N.D.N.Y. Sep. 17, 2015) (permitting impeachment by reference to the "essential facts" of a criminal conviction, which include "the statutory name . . . the date of conviction, and the sentence imposed"), *aff'd on other grounds*, 669 Fed. Appx. 41 (2d Cir. 2016) (citing *Estrada*, 430 F.3d at 615).[3] However, should Plaintiff choose not to testify regarding these "essential facts" during his direct examination, the Court notes that this preliminary determination is "subject to change[,]" and that the Court would entertain an objection from Plaintiff during cross examination as to the use of the statutory name, date of conviction, and sentence imposed for impeachment purposes. *Luce*, 469 U.S. at 41; *see also Brown*, 606 F. Supp. 2d at 312 ("[i]n the Second Circuit, it is within

---

[3] "The presumption under Rule 609(a)(2)—as recognized by the district court—is that the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes. . . . We so no reason why the presumption should be different under Rule 609(a)(1)." *Estrada*, 430 F.3d at 615 (citing 4 WEINSTEIN & BERGER, *Weinstein's Federal Evidence* § 609.20(2) at 609-57 (2d ed. 2005)).

the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense") (citations omitted).

In contrast, the Parties dispute whether any additional details related to the attempted sexual abuse conviction beyond the statutory name, date of conviction, and sentence imposed, such as the victim's age, are admissible for impeachment purposes. Typically, such evidence would be inadmissible. Courts do not interpret Rule 609(a)(1) to cover evidence beyond the bare "essential facts" of the conviction. *See Mancucci*, 2025 WL 295029, at *3 (citing *Estrada*, 430 F.3d at 617). Moreover, as discussed, the impeachment value of the "essential facts" discussed above is already minimal; facts such as the victim's age would not provide any additional value. *See Thomas*, 2018 WL 3387690, at *3 (finding, in part, that a sexual abuse conviction is "not particularly probative as to honesty and veracity."); *Ramsay-Nobles*, 2020 WL 359901, at *3 (describing the probative value as "*de minimis*"). Finally, the prejudicial effect of such information would be high. *Thomas*, 2018 WL 3387690, at *3 (finding information pertaining to sex offenses might "inflame[] the jurors' prejudice against him" (brackets in original) (citation omitted)). Thus, such evidence would fail to pass muster under Rule 403, and by extension, Rule 609(a)(1). Nevertheless, the Court reserves on whether Defendants are permitted to reference additional details of the attempted sexual abuse conviction beyond the statutory name, date of conviction, and sentence imposed, until after Plaintiff's direct examination. As discussed above, Plaintiff's prior submissions indicate that he will testify as to the conviction's "essential facts" on direct examination. But to the extent that Plaintiff testifies as to any other additional details of his attempted sexual abuse conviction, the Court will determine whether Defendants are permitted to reference those same details during cross examination. In contrast to the "essential facts" of the conviction, Plaintiff does not agree to the use of such information for impeachment. However, if any additional information is adduced

on direct examination, the Court may find that there is relatively minimal prejudicial effect in Defendants referencing the very same information during cross examination. On the other hand, depending on how Plaintiff's testimony is elicited, the Court could find that Defendants' reference to the same information contained in Plaintiff's testimony constitutes "needless presentation of cumulative evidence." *Estrada*, 430 F.3d at 621.

Thus, at this juncture, the Court reserves on the admissibility of any facts beyond the essentials identified above until such information "is placed in the appropriate factual context at trial." *Reeder v. Bishop*, No. 9:15-CV-1078, 2019 WL 3732050, at *6 (N.D.N.Y. Aug. 8, 2019). To prevent the improper use of the attempted sexual abuse conviction on cross examination, Defendants are directed to raise with the Court, outside of the presence of the jury, any facts that they wish to reference as to the conviction after Plaintiff's direct examination.

### ii. 1997 Attempted Robbery Conviction

Next, Plaintiff asserts that "Defendants should be precluded from mentioning Plaintiff's conviction[s] that are more than ten years old." Dkt. No. 50 at 6. Plaintiff was convicted of attempted robbery in the second degree in 1997 and released from incarceration in 2000. *Id.*[4]

---

[4] Plaintiff avers that he also has a third conviction for criminal possession with intent to sell a controlled substance, which occurred around 2005. *Id.* He was released from incarceration about three years later. *Id.* However, it appears that Defendants only seek to reference the 1997 conviction at trial. Dkt. No. 58 at 6; Dkt. No. 60 at 4. Regardless, for thoroughness, the Court finds that the 2005 conviction's probative value does not substantially outweigh its prejudicial effect, and therefore, it is inadmissible for impeachment purposes. *See* Rule 609(b); *see also Zinman v. Black & Decker*, 983 F.2d 431, 434 (2d Cir. 1993) (noting "that convictions over ten years old [should] be admitted very rarely and only in exceptional circumstances"); *United States v. Scott*, No. 24-CR-158, 2025 WL 1384301, at *12 (E.D.N.Y. May 12, 2025) (noting that a conviction for sale of controlled substances "is still moderately low on the scale of veracity-related crimes," and denying admission of evidence of conviction for impeachment under the more lenient standard of Rule 609(a)).

Under the general framework of Rule 609, Rule 609(b) provides that "[w]here over ten years have passed since the witness's past felony conviction or release from confinement for it, whichever is later . . . the conviction is admissible only if 'its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.'" *Coleman v. Durkin*, 585 F. Supp. 3d 208, 213 (N.D.N.Y. 2022) (quoting Rule 609(b)). This Court has previously noted that convictions more than ten years old are to be admitted "very rarely and only in exceptional circumstances." *Jeanty v. Cerminaro*, No. 6:16-cv-00966, 2021 WL 2778572, at *2 (N.D.N.Y. July 2, 2021) (quoting *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir.1993)); *see also U.S. v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978) (stating that Congress believed that convictions more than ten years old have very little or no probative value).

Considering the relevant factors, the Court finds that the attempted robbery conviction has some, but limited, impeachment value. *Thomas*, 2018 WL 3387690, at *3. This Court has recognized in certain cases that robbery convictions "have probative value as to Plaintiff's character for truthfulness[.]" *Coleman*, 585 F. Supp. 3d at 214. However, the case law is generally mixed on the issue, and this Court has also found that robbery "has less probative value on credibility" than other theft crimes. *Diggs v. Guynup*, 621 F. Supp. 3d 315, 321 (N.D.N.Y. 2022); *see also United States v. Crumble*, No. 18-cr-32, 2018 WL 2016852, at *7-8 (E.D.N.Y. May 1, 2018) (finding that robbery "bears only marginally on questions of honesty and veracity") (citation omitted).

As to the other factors, almost thirty years have passed since the robbery conviction, and Plaintiff was released more than twenty years ago. "[T]he fact that [Plaintiff's release] occurred

9

over twenty years ago renders [the conviction's] probative value almost negligible[.]" *U.S. v. Schlussel*, No. 08-Cr-694, 2009 WL 536066, at *2-3 (S.D.N.Y. Feb. 27, 2009) (finding "convictions that are over twenty years old" to be inadmissible); *see also Phillips v. City of N.Y.*, 871 F. Supp. 2d 200, 208 (E.D.N.Y. 2002) (finding convictions inadmissible under Rule 609(b) where the "most recent conviction was almost 20 years ago"). Finally, the Court notes that Plaintiff's credibility is central to this case. The question of Defendants' liability will turn largely on the jury's assessment of both Plaintiff's and Defendants' credibility. *See* Dkt. No. 35 at 17 (describing the case as a "he said, she said" situation) (quotations and citations omitted).

Because the conviction is within the scope of Rule 609(b), as opposed to Rule 609(a), a "presumption against admissibility" attaches unless the probative value of the evidence substantially outweighs its prejudicial effect. *Coleman*, 585 F. Supp. 3d at 213. That is not the case here. Indeed, Defendants do not cite a single case in which a court admitted evidence of a robbery conviction under Rule 609(b), as opposed to Rule 609(a). *See* Dkt. No. 60 at 4; *see also Estrada*, 430 F.3d at 621 (applying Rule 609(a)(1)); *Coleman*, 585 F. Supp. 3d at 213 ("the Rule 609(b) presumption against admissibility is not applicable here"); *Maldonado v. Krawczyk*, No. 6:18-CV-06021, 2025 WL 362752, at *3 (W.D.N.Y. Feb. 3, 2025) (applying Rule 609(a)); *Laureano v. City of N.Y.*, No. 17-CV-181, 2021 WL 3272002, at *9 (S.D.N.Y. July 30, 2021) (applying Rule 609(a)(1)). In fact, one of Defendants' cases found that a robbery conviction evaluated under Rule 609(b) was inadmissible. *Maldonado*, 2025 WL 362752, at *2.

Because the probative value of the robbery conviction does not substantially outweigh its prejudicial effect, the Court grants this portion of Plaintiff's motion *in limine* to preclude impeachment with respect to the robbery conviction. *See United States v. Serrano*, 192 F. Supp.

3d 407, 411 (S.D.N.Y. 2016) (precluding reference to a 1996 robbery conviction under Rule 609(b)).

### iii. Disciplinary History

Finally, Plaintiff seeks to preclude evidence of his DOCCS disciplinary history. Dkt. No. 50 at 7-8. Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." *Id.* However, Rule 404(b) expressly provides that evidence of other crimes, wrongs or acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*[5]

Defendants make two arguments in favor of the evidence's admissibility in their opposition to Plaintiff's request. First, Defendants argue that evidence of Plaintiff's disciplinary proceedings related to the conduct at issue in this case is admissible because it is directly relevant to Plaintiff's claims. More specifically, Defendants argue that because Plaintiff "pled guilty to [fighting in] the misbehavior report issued for this incident . . . []his admission of guilt for the event . . . is relevant and must be admitted." Dkt. No. 60 at 5. The Court agrees. Plaintiff's plea of guilt in the misbehavior report written after the alleged assault in this case is highly probative because it directly contradicts Plaintiff's allegations that he was the victim of an assault by other inmates. Moreover, the misbehavior report in question is not evidence of "other crimes, wrongs, or acts" under Rule 404(b), but instead, is evidence pertaining the acts and conduct at issue in this case.

---

[5] Plaintiff also argues that the evidence should not be admitted under Rule 608(b), which permits cross examination on "instances of conduct" which are "probative of truthfulness or untruthfulness[.]" *See* Dkt. No. 50 at 8. Defendants do not argue that the evidence of Plaintiff's disciplinary history is admissible under Rule 608(b). Therefore, the Court does not reach the issue.

11

Therefore, Defendants are permitted to cross examine Plaintiff by referencing the misbehavior report issued for the events of August 25, 2020.

Second, Defendants argue that it is too early to determine whether the remainder of Plaintiff's disciplinary history is admissible. *Id.* at 5-6. Instead, Defendants assert that the Court should wait until "direct examination concludes" because "[d]oing so preserves Defendants' right to examine plaintiff on issues and facts he advances on direct which may be belied by his disciplinary history." *Id.* at 6. Indeed, "[e]vidence of other crimes, wrongs, or acts may be admissible to impeach the defendant." *United States v. Chambliss*, No. 09-CR-777, 2010 WL 2990103, at *3 (S.D.N.Y. July 9, 2010). Should Plaintiff testify as to his disciplinary record on direct examination, such facts would be within the proper scope of cross examination and Defendants would be permitted to impeach using the disciplinary record. Again, prior to proceeding with cross examination, the Court directs Defendants to raise this issue with the Court outside of the presence of the jury. *See, e.g., United States v. Gnahore*, No. 19-CR-808, 2021 WL 5505086, at *5 (S.D.N.Y. Nov. 24, 2021) (reserving on the issue of whether evidence of previous convictions was admissible for the purpose of contradicting direct testimony or argument); *Chambliss*, 2010 WL 2990103, at *3 ("Evidence of other crimes, wrongs, or acts may be admissible . . . but this question cannot be resolved until defendant testifies.").

Therefore, the Court reserves Plaintiff's motion *in limine* to the extent that it seeks to exclude evidence of Plaintiff's disciplinary history that is not directly related to the events at issue. The Court will determine whether any such evidence is appropriate for impeachment at trial as the case unfolds.

### B. Defendants' Motion *in Limine*

Defendants' motion *in limine* seeks the following: (1) an order permitting Defendants to offer evidence of Plaintiff's criminal convictions; (2) an order excluding evidence pertaining to various incidents at Marcy Correctional Facility, Mid-State Correctional Facility, and the DOCCS strike that occurred in February and March 2025; and (3) an order precluding evidence as to the dismissed claims in this case. *See generally* Dkt. No. 58.

#### i. Plaintiff's Criminal Convictions

The Court has already addressed the admissibility of evidence pertaining to Plaintiff's prior criminal convictions in connection with its analysis of Plaintiff's motion *in limine*. *See supra* Section III(A)(i), (ii).

#### ii. Incidents at Marcy Correctional Facility, Mid-State Correctional Facility, and the DOCCS Strike

Plaintiff does not oppose the portion of Defendants' motion *in limine* seeking to preclude evidence regarding the Marcy Correctional Facility, the Mid-State Correctional Facility, and the DOCCS strike. Dkt. No. 59 at 2. Therefore, the Court grants this portion of Defendants' motion *in limine* on consent.

#### iii. Dismissed Claims

Finally, Defendants seek an order barring reference and evidence relating to claims that were previously dismissed in this case, including conspiracy, excessive force, and failure-to-protect claims. *See* Dkt. No. 58 at 10-11. Plaintiff agrees that he will not reference such claims, but he argues that he must be permitted to present all evidence that is relevant to the remaining failure-to-intervene claim. *See* Dkt. No. 59 at 3. In particular, Plaintiff asserts that he should be allowed to "present[] circumstantial evidence suggesting that defendants may have reached a tacit understanding with certain incarcerated individuals to facilitate or permit an attack on plaintiff."

13

*Id.* Plaintiff also seeks to present evidence "that the attack was motivated by plaintiff's status as a sex offender—an animus that defendants were aware of and . . . deliberately ignored." *Id.*

In the Memorandum-Decision and Order on Defendants' motion for summary judgment, this Court expressly noted that circumstantial evidence as to a tacit agreement between Defendants and Plaintiff's alleged assaulters remained relevant for purposes of proving the elements of the failure-to-intervene claim. *See* Dkt. No. 35 at 10 n.3. Moreover, the Court noted that evidence suggesting that the Defendants "instigat[ed] and encourage[d] a violent attack" would "plausibly suggest[] *at least* deliberate indifference[,]" which is an element of the sole remaining claim. *Id.* at 17 (citation omitted) (emphasis in original). Therefore, the evidence Plaintiff seeks to present is admissible. Except as otherwise stated herein, this portion of Defendants' motion *in limine* is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion *in limine*, Dkt. No. 50, is **GRANTED IN PART**, **DENIED IN PART**, and **RESERVED IN PART**, as set forth in Section III(A) of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendants' motion *in limine*, Dkt. No. 58, is **GRANTED IN PART, DENIED IN PART,** and **RESERVED IN PART**, as set forth in Section III(B) of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 5, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

14