UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LEROY MORRELL,

                Plaintiff,

   v.                                                 9:22-cv-00713 (AMN/ML)

SGT. GLENN R. SAMPSON and C.O. PATRICK
H. BOULTER,

                Defendants.

---

APPEARANCES:                                      OF COUNSEL:

**SIVIN, MILLER & ROCHE**                    **EDWARD SIVIN, ESQ.**
20 Vesey Street, Suite 1400                  **DAVID ROCHE, ESQ.**
New York, NY 10007                          **DUANE G. BLACKMAN, ESQ.**
                                                        **GLENN D. MILLER, ESQ.**
*Attorneys for Plaintiff*

**NEW YORK STATE ATTORNEY GENERAL**    **M. RANDOLPH BELKIN, ESQ.**
Litigation Bureau                               **RYAN W. HICKEY, ESQ.**
The Capitol                                           Assistant Attorneys General
Albany, New York 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      On July 1, 2022, Leroy Morrell ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, asserting civil rights claims against Defendants Sergeant Glenn Sampson and Correction Officer Patrick H. Boulter ("Defendants") arising from his incarceration at Watertown Correctional Facility ("Watertown"). *See* Dkt. No. 1. Trial was set to begin on September 8, 2025. Dkt. No. 65. After not being in contact with his attorneys since September 5, 2025, Plaintiff failed

1

to appear for trial. Presently before the Court is Defendants' request for dismissal of this action pursuant to Fed. R. Civ. P. 41(b). Dkt. No. 70.

For the following reasons, the Defendants' request is granted, and the Court dismisses this action for failure to prosecute under Rule 41(b) without prejudice.

## II.   BACKGROUND

After motion practice, Plaintiff maintains one Eighth Amendment failure-to-intervene claim against each Defendant. *See* Dkt. No. 35 at 21.[1] The Court originally scheduled trial to begin on July 8, 2025. *See* Dkt. No. 40. However, on June 25, 2025, Plaintiff's counsel wrote to the Court advising of "a sensitive issue involving [Plaintiff]" and requesting an emergency conference. Dkt. No. 61. An emergency conference was held the next day, where Plaintiff's counsel relayed his understanding that Plaintiff had recently experienced a death in the family and that, as a result, counsel had been unable to reach Plaintiff for purposes of preparing for the upcoming trial. Based on the information relayed during that emergency conference, the Court adjourned the July 8, 2025 trial without date and requested a status update from Plaintiff within a reasonable timeframe regarding when he would be able to proceed with trial. *See* Dkt. No. 63. On July 11, 2025, Plaintiff's counsel submitted a status report advising the Court that Plaintiff was "now ready to proceed with trial and prepared to schedule a future trial date with the Court." Dkt. No. 64. Accordingly, the Court rescheduled trial to commence on September 8, 2025 at 9:30 a.m. *See* Dkt No. 65.

The night before trial was set to begin, Plaintiff's counsel advised the Court of his inability to contact Plaintiff. According to a status report filed on September 7, 2025, Plaintiff had been in

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

contact with his counsel on September 5, 2025, "at which time [Plaintiff] confirmed that he would be taking an Amtrak train to Albany on Sunday morning and that [the two] would meet at a local hotel." Dkt. No. 67. Despite those assurances, Plaintiff's counsel relayed that Plaintiff did not appear at the designated meeting area, did not check into a local hotel, and did not respond to various phone calls and messages from his counsel. *Id.* According to Plaintiff's counsel, efforts were also made to contact Plaintiff's fiancée, which similarly went unanswered. *Id.*

On the morning of trial, Plaintiff did not appear, and the Court accordingly inquired with Plaintiff's counsel as to any updates regarding Plaintiff's whereabouts since the prior day. In response, Plaintiff's counsel informed the Court that, despite his further efforts, he was still unable to reach Plaintiff and was unaware of whether Plaintiff intended to appear for trial. The Court then allowed Plaintiff until 11:00 a.m. to either report to Court or contact his counsel. Plaintiff neither appeared nor contacted his counsel by 11:00 a.m., and as a result, the Court dismissed all potential jurors and adjourned the trial without date.

As a result of Plaintiff's failure to appear for trial or provide an explanation for his nonappearance, the Court issued an Order to Show Cause on September 8, 2025 directing Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute and why juror costs should not be assessed against him. Dkt. No. 68. On September 17, 2025, counsel for Plaintiff responded to the Order to Show Cause, advising the Court that, despite "multiple additional attempts to contact Plaintiff, and Plaintiff's fiancé, . . . [counsel had] not heard back from Plaintiff or his fiancé" and that counsel had "no information as to Plaintiff's whereabouts, or [] why he did not appear on September 8, 2025 for the scheduled trial." Dkt. No. 69. Counsel for Plaintiff requests that the Court hold the case open for an indefinite period to allow Plaintiff time to reappear or, in the alternative, dismiss the case without prejudice. *See* Dkt. No. 69 at 2.

Defendants opposed Plaintiff's request on September 18, 2025, requesting that the Court dismiss the action with prejudice since "Defendants undertook the time and expense to prepare for and appear at trial, and Plaintiff not only has failed to appear, but has failed to communicate with counsel or offer any explanation for his non-appearance."  Dkt. No. 70 at 1.

### III.     DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962); see also N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may order it dismissed.").  While involuntary dismissal is "'a harsh remedy [which] is appropriate only in extreme situations,'" the Court's "authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'"  *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 Fed. Appx. 107, 109 (2d Cir. 2001) (summary order) (first quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); and then quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

When determining whether dismissal under Rule 41(b) is appropriate, courts must consider the following factors: whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

4

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  None of these factors is dispositive.  *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal under Rule 41(b) is warranted under the circumstances of this case.  With regard to the first factor, Plaintiff's failure to keep his counsel and the Court apprised of his whereabouts and appear for trial on September 8, 2025 has caused a delay for which Plaintiff is responsible.  *See Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998) (noting that there are two aspects to this first factor: "(1) that the failures were those of the plaintiff, and (2) that these failures were of significant duration" (citing *Jackson v. City of N.Y.*, 22 F.3d 71, 75 (2d Cir. 1994)).  Because Plaintiff has been unreachable by the Court or counsel, trial was unable to proceed as scheduled on September 8, 2025, and any rescheduled trial date would likely not be for several months.  Furthermore, Plaintiff has provided no explanation or justification for his failure to appear for the scheduled trial date and has not been in contact with his counsel or the Court since at least September 5, 2025.  Thus, it appears at this point that Plaintiff has "abandoned the matter."  *Cf. Scott v. Perkins*, 150 Fed. Appx. 30, 33 (2d Cir. 2005) (summary order) (finding "no indication that [the plaintiff] had abandoned the matter" where he "had kept in contact with both the court . . . and his counsel").  The Court also notes that the incident underlying this lawsuit occurred more than five years ago, that this case has been pending for three years, has been trial-ready since September of last year, and has already been previously rescheduled at the request of Plaintiff's counsel.  *See* Dkt. Nos. 40, 61, 63, 65.  Notably, the first trial date was rescheduled based upon Plaintiff's counsel's inability to get in touch with Plaintiff.  Therefore, particularly because Plaintiff's failures have "functioned as complete block to moving this litigation forward" despite the diligent efforts of his counsel, *cf. Kent v. Scamardella*, No. 07-cv-

5

844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007), the Court concludes that the first *Drake* factor weighs in favor of dismissal. *See also Lewis v. Rawson*, 564 F.3d 569 (2d Cir. 2009) (affirming dismissal of action where the plaintiff refused to testify at and proceed with trial).

With regard to the second factor, the Court notes that until the Order to Show Cause was issued on September 8, 2025, Plaintiff received no specific notice that his failure to appear at trial could result in dismissal. However, Plaintiff is not *pro se* and has retained counsel that "should have (and possibly did) inform him that failure to appear for trial could result in the dismissal of his case." *Scott*, 150 Fed. Appx. at 33. Therefore, the Court finds that this factor is neutral.

With regard to the third factor, "[p]rejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell*, 682 F.2d at 43). Here, Plaintiff's failure to prosecute has caused a delay for which he has provided no excuse or justification. *See also Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) (noting that courts presume prejudice when "a party has become completely inaccessible.") (citing *Dong v. United States*, No. 02-Civ-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004)). Plaintiff's "totally unexplained disappearance is manifestly unreasonable . . . and therefore presumptively prejudices" Defendants. *Dong*, 2004 WL 385117, at *3 (citing *Pearl v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993)). Here, where Defendants have readied themselves for trial on two separate occasions and most recently Plaintiff has not provided any excuse for his failure to communicate with the Court or counsel regarding his failure to appear at trial, the Court concludes that Defendants are likely to be prejudiced by further delay, having to prepare for trial again, and the overall effect of the passage of time on Defendants' witnesses' memories. *Cf. Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 Fed. Appx. 354, 358 (2d Cir. 2020) (summary order) (finding that the district court "reasonably

concluded that further delay would be prejudicial to the defendants" where the action had been pending for three years and concerned events "more than five years in the past"). Therefore, the Court concludes that the third *Drake* factor weighs in favor of dismissal.

With regard to the fourth factor, the Court has carefully balanced its calendar congestion against Plaintiff's right to due process and a fair chance to be heard. This Court notes that it has a full trial docket, that this case has been trial-ready for over a year and has already been previously rescheduled once at the request of Plaintiff's counsel based on Plaintiff's prior failure to adequately communicate with his counsel. There is no indication, at this time, that Plaintiff intends to further pursue this action. While "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court," *Lucas*, 84 F.3d at 535-36, the Court may also consider "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources," *Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)). Nevertheless, the Court also notes that Plaintiff's failure to prosecute this case has been "silent and unobtrusive rather than vexatious and burdensome," since Plaintiff has been unreachable since the days leading up to his trial. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). When such is the case, the Second Circuit has found that the failure to prosecute constitutes "only minor court calendar congestion." *Mayanduenas v. Bigelow*, 849 Fed. Appx. 308, 311 (2d Cir. 2021). Therefore, in accordance with that guidance, the Court finds that this factor is neutral.

Finally, with regard to the fifth factor, because Plaintiff is unreachable, the Court concludes that any lesser sanction would be ineffective. *See Flynn v. Ward*, No. 15-cv-1028, 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) ("The Court currently has no way of contacting Plaintiff

7

and is therefore unaware of any feasible lesser sanction."); *see also Caussade*, 293 F.R.D. at 631 (citing cases finding that the fifth *Drake* factor favored dismissal where a plaintiff was unreachable).

In sum, having considered the five *Drake* factors, the Court concludes that dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 41(b) is warranted.[2]

Moreover, the Court will impose juror costs on Plaintiff as a sanction for his failure to appear at trial. N.D.N.Y Local Rule 47.3 provides that:

> Whenever any civil action scheduled for jury trial is postponed, settled or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including marshal's fees, mileage and per diem, shall be assessed against the parties and/or their attorneys as the Court directs, unless the parties or their attorneys notify the Court and the Clerk's office at least one full business day prior to the day on which the action is scheduled for trial, so that the Clerk has time to advise the jurors that it shall not be necessary for them to attend.

In the Trial Order issued on May 20, 2025, the Court advised the Parties "that should a case be removed from the trial ready list because of settlement or some other factor, on or after Wednesday, July 12, 2025 . . . the court may impose sanctions pursuant to L.R. 47.3." (Dkt. No. 77, at 2). Thirty-two potential jurors reported for jury duty on September 8, 2025, only to be sent home. Accordingly, the Court assesses the costs associated with those jurors against Plaintiff in the amount of $2,508.38.[3]

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' request for dismissal under Fed. R. Civ. P. 41(b), Dkt. No. 70,

---

[2] While the Court, in its discretion, dismisses this action without prejudice for failure to prosecute, it also notes that Plaintiff will need to overcome any statute of limitations bars that may be associated with the filing of a subsequent action.

[3] These costs include $1,350.00 for jurors' attendance and service and an additional $1,158.38 in mileage and parking fees.

is **GRANTED**; and the Court further

  **ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice** for failure to prosecute; and the Court further

  **ORDERS** that Plaintiff is directed to pay juror costs in the amount of $2,508.38 by October 30, 2025.  Plaintiff is directed to send payment to Clerk, U.S. District Court, 100 South Clinton Street, P.O. Box 7367, Syracuse, NY 13261-7367; and the Court further

  **ORDERS** that the Clerk serve a copy of this Order on the Parties in accordance with the Local Rules.

  **IT IS SO ORDERED.**


Dated: September 30, 2025
    Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge